**PRIORITY SEND**
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 10-00493 VAP(DTBx)                              Date:  June 4, 2010

Title:     AURORA LOAN SERVICES LLC -v- ARTURO AMEZCUA,
           GUILLERMINA AMEZCUA, AND DOES 1-5
=================================================================
PRESENT:      HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

    Marva Dillard                                    None Present
    Courtroom Deputy                                 Court Reporter

ATTORNEYS PRESENT FOR                         ATTORNEYS PRESENT FOR
PLAINTIFFS:                                   DEFENDANTS:

    None                                             None

PROCEEDINGS:     MINUTE ORDER REMANDING ACTION TO CALIFORNIA
                 SUPERIOR COURT FOR SAN BERNARDINO COUNTY (IN
                 CHAMBERS)

    On August 18, 2009, Plaintiff Aurora Loan Services LLC ("Plaintiff") filed a "Complaint for Unlawful Detainer" against Defendants Arturo Amezcua and Guillermina Amezcua ("Defendants").  On April 2, 2010, Defendants removed the action on the basis of federal question jurisdiction, 28 U.S.C. § 1331.  (See Not. of Removal at 2.)

    Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441, et seq. The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." Gaus

EDCV 10-00493 VAP(DTBx)
AURORA LOAN SERVICES LLC v ARTURO AMEZCUA, GUILLERMINA AMEZCUA, AND DOES 1-5
MINUTE ORDER of June 4, 2010

v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992), citing Nishimoto v. Federman--Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990); see also In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

    Defendants claim as their sole basis for removal the existence of federal question jurisdiction.  (See Not. of Removal at 2.)  From the face of the Complaint, Plaintiff's claim is for unlawful detainer, a California state law action.  See Franchise Tax Bd. v. Constr. Laborers Trust, 463 U.S. 1, 10 (1983) (defendant may not remove case to federal court unless basis for federal jurisdiction apparent on the face of the complaint).  Accordingly, Defendants fail to meet their burden of establishing the Court's jurisdiction under 28 U.S.C. § 1331.

    Defendants have not met their burden of establishing that the case is properly in federal court.  Gaus, 980 F.2d at 566.  Accordingly, the Court REMANDS the action to the Superior Court of California, San Bernardino County.

    **IT IS SO ORDERED.**